NO. 07-04-0424-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JULY 24, 2006

_____

DAVID J. SCHULTZ, APPELLANT

V.

CYNTHIA S. BARNES, APPELLEE

_____

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

NO. 40,811-A; HONORABLE HAL MINER, JUDGE

_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Appellee Cynthia S. Barnes seeks dismissal of this appeal brought by David Schultz challenging a take-nothing directed verdict in favor of Barnes on Schultz's claims arising from a construction contract. After Schultz perfected appeal, Barnes filed a bankruptcy petition listing Schultz as an unsecured creditor. No notice of that proceeding was filed in this court so that the appeal could be abated as required by federal law. *See* 11 U.S.C. § 362; Tᴇx. R. Aᴘᴘ. P. 8.1, 8.2. According to certified copies of documents from the bankruptcy court, Barnes received a discharge on January 25, 2006. She now seeks

dismissal of Schultz's appeal as moot. Schultz does not contest Barnes' assertion that any liability arising from his claims has been discharged and our review of the record and exhibits from the bankruptcy proceeding leads to the same conclusion.

Rule of Appellate Procedure 8 sets out the procedure for stay of an appeal during a bankruptcy proceeding. It does not address discharge of potential liability during an appeal. A discharge in bankruptcy renders void a judgment, obtained at any time, determining the personal liability of the debtor with respect to a discharged debt. 11 U.S.C. § 524(a)(1); *In re Dabrowski*, 257 B.R. 394 (Bankr. S.D.N.Y., 2001). Since any judgment resulting from this appeal that determined Barnes' personal liability to Schultz would be void, the appeal is moot. We have no jurisdiction to decide a moot controversy. *National Collegiate Athletic Ass'n v. Jones,* 1 S.W.3d 83, 86 (Tex. 1999). We therefore dismiss the appeal for want of jurisdiction. TEX. R. APP. P. 42.3(a).


James T. Campbell
Justice